UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE JI YUN CHUNG, | No. C 09-04878 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| NBGI, INC., GMAC MORTGAGE, LLC, and ETS SERVICES, LLC, | **Re: Plaintiff's Motion for Preliminary Injunction** |
| Defendants. | |

Plaintiff Grace Ji Yun Chung ("plaintiff") filed this action against defendants NBGI, Inc. ("NBGI"), GMAC Mortgage LLC ("GMAC") and ETS Services LLC ("ETS") (collectively "defendants") alleging multiple violations of federal and state law for failing to make proper disclosures in connection with the refinance of her home. In the instant motion, plaintiff has requested a preliminary injunction to prevent defendants from foreclosing on her home and selling the home at a trustee's sale. Plaintiff has also moved to have defendants enjoined from providing any derogatory credit information to credit reporting agencies. Having considered the parties arguments and submissions and for the reasons set forth below, the court enters this memorandum and order.

BACKGROUND

On January 24, 2006, plaintiff refinanced her home and executed a promissory note promising to pay NBGI $999,999.00. Docket No. 1 (Compl.) ¶ 13. In order to secure this note, a

deed of trust was recorded against the property located at 1564 Meadow Lane, Burlingame, California, 94109. *Id.*, Exh. C (Deed of Trust). In November 2008, plaintiff's business slowed down and she was no longer able to make her mortgage payments. Docket No. 9 (Mot.) at 5. On December 15, 2008, plaintiff received a notice of default via certified mail. *Id.* In an attempt to obtain a modification of her loan, plaintiff sent a letter to the loan servicer, GMAC, on April 22, 2009. *Id.* The letter was written and sent by plaintiff's attorney and stated that it was a "Qualified Written Request" ("QWR"). Compl., Exh. D ("Letter"). It stated that the letter was "in regards to an investigation into certain questionable activities" relating to the loan and it requested "a complete and accurate copy of [plaintiff's] entire loan file . . . ." *Id.*

On May 6, 2009, plaintiff received a faxed letter from GMAC responding to the request. Compl. ¶ 27. This letter acknowledged receipt of plaintiff's April 22d letter and stated that "Unfortunately, it is difficult for GMAC Mortgage LLC to identify any specific concern(s) you have regarding the servicing of the account based upon the correspondence received. Nevertheless, in an effort to be responsive to your request, copies of pertinent documentation GMAC Mortgage LLC has in its records are enclosed." Mot., Exh. B ("Response"). The response contained the promissory note, the deed of trust, and a settlement statement. *Id.*

After receiving the information from GMAC, plaintiff realized that NBGI had not provided her with two signed copies of a notice of her right to rescind the loan within three days at the time that she consummated the transaction. Mot. at 6. Additionally, she discovered that the finance charge on the Truth in Lending statement provided to her by NBGI was listed as $1,842,726.96 when the actual amount was $1,845,131.96. Compl. ¶ 32.

Plaintiff alleges that after she sent her QWR, she continued to receive collection notices from GMAC and that GMAC has been assigned NBGI's rights under the loan. Mot. at 6. Plaintiff further alleges that GMAC continued to report derogatory information to credit reporting agencies. *Id.*

Plaintiff filed this action on October 14, 2009. The case was reassigned to this court on October 21, 2009. Plaintiff claims that the defendants are liable under a number of state and federal laws including: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) California Civil

2

1 Code § 1670.5; (3) the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;
2 (4) the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; (5) the Fair Debt Collection Practices
3 Act, 15 U.S.C. § 1692 *et seq.*; (6) California Civil Code § 1632; and (7) the Real Estate Settlement
4 Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*

5 On November 5, 2009, GMAC and ETS filed a joint motion to dismiss plaintiff's complaint.
6 Docket No. 15. Thereafter, plaintiff failed to oppose the motion. Accordingly, on December 11,
7 2009, the court dismissed GMAC and ETS from this action. Docket No. 20. NBGI still remains as
8 a defendant.

9 In the instant motion, plaintiff seeks the issuance of a preliminary injunction that would (1)
10 bar the holder of the subject loan and the trustee of the deed of trust from foreclosing on the subject
11 loan, pending resolution of the claims, and (2) prevent defendants from continuing to report
12 derogatory credit information.

13

14 LEGAL STANDARD

15 A preliminary injunction is a provisional remedy, the purpose of which is to preserve the
16 status quo and to prevent irreparable loss of rights prior to final disposition of a litigation. *Sierra*
17 *On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *see* Fed. R. Civ. P.
18 65(a). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on
19 the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that
20 the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Johnson*
21 *v. Couturier*, 527 F.3d 1067, 1076 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense*
22 *Council, Inc.*, --- U.S. ---, 129 S. Ct. 365, 374 (2008)). A preliminary injunction is an "extraordinary
23 remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."
24 *Winter*, 129 S. Ct. at 376. This "clear showing" requires plaintiff to show more than a mere
25 "possibility" of irreparable harm, but instead she must "demonstrate that irreparable injury is likely
26 in the absence of an injunction." *Id.* at 375 (emphasis in original).

27
28

3

DISCUSSION

In her request for a preliminary injunction, plaintiff claims that she has a probability of succeeding on the merits of her RESPA claim, her TILA claim and her claim under California Civil Code section 1632.

A preliminary injunction is generally only available if injunctive relief is appropriate in the first instance. *See Amoco Production Co. v. Village of Gambell, AK,* 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success."); *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643 (9th Cir. 1988). Therefore, the question before the Court is not whether plaintiff is likely to succeed in proving that defendants violated these statutes, but whether she is likely to succeed on her claim for injunctive relief as a remedy for any such violation.

Not all of plaintiff's claims would entitle her to injunctive relief. Even if plaintiff was successful on her RESPA claim or her TILA claim under section 1640, she would not be entitled to an injunction preventing the sale of her home. Rather, she would only be entitled to the monetary amount of damages prescribed by the statutes. *See* 12 U.S.C. § 2605; 15 U.S.C. § 1640. On the other hand, because the remedy of rescission would negate any security interest that defendants have in plaintiff's home, precluding foreclosure, a successful claim for rescission would entitle her to keep possession of the residence. Additionally, if plaintiff is successful in showing that defendants continue to report credit information in violation of RESPA section 2605, she would be entitled to an injunction preventing such reporting.

Therefore, the court only addresses plaintiff's claims for rescission under TILA and California Civil Code section 1632 and to prevent the unlawful reporting to credit reporting agencies under RESPA.

I.  Rescission under TILA

Plaintiff alleges that she has a likelihood of success on the merits of her claim for rescission under TILA, 15 U.S.C. § 1635, because NBGI failed to provide her with two signed copies of the

4

Notice of Right to Rescind, and because NBGI misstated the finance charge on her Truth in Lending Disclosure Statement. This claim, however, is time-barred.

The "right to rescission. . . expire[s] three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). This three-year time limit may not be equitably tolled because it applies "notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." *Id.*; *see Graves v. Downey Sav. and Loan Assoc.*, No. C 09-02666 JF, 2009 WL 3335335, at *4 (N.D. Cal. Oct. 14, 2009) (Fogel, J.) ("Unlike § 1640(e), Chapter 15 U.S.C. § 1635(f) is not subject to equitable tolling.").

Plaintiff's loan was executed on January 24, 2006. Plaintiff's letter claiming to be a notice of rescission was not sent until April 22, 2009. Therefore, even assuming that plaintiff was entitled to rescind her mortgage under TILA, plaintiff provided notice of her intent to rescind outside of the three-year time limit. Accordingly, this claim has no probability of succeeding.

II. California Civil Code Section 1632

Plaintiff also alleges that defendants violated California Civil Code section 1632 by not providing her with a translated version of the loan agreement. Section 1632 requires that where certain contracts and agreements are negotiated in foreign languages, the business that negotiates the contract must provide the consumer with a translation of the agreement.

Section 1632(b)(2) of the statute specifically excludes loans secured by real property, like the type of loan at issue in this case. Cal. Civ. Code § 1632(b)(2); *Reyes v. Premier Home Funding, Inc.*, No. C 08-04606 JW, 2009 WL 1704574, at *6 (N.D. Cal. June 17, 2009) (Ware, J.). However, section 1632(b)(4) contains an exception, which provides that section 1632 applies to "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provision of Article 7 (commencing with Section 10240) of Chapter 3 of Part I of Division 4 of the Business and Professions Code . . . ." Cal. Civ. Code § 1632(b)(4); *Reyes*, 2009 WL 1704574, at *6. Article 7 of the California Business and Professions

1 Code, in turn, applies to certain loans secured by real property that are negotiated by a real estate
2 broker. *See id.*; Cal. Bus. & Prof. Code, § 10240.

3 Here plaintiff has failed to allege several necessary elements to establish a claim under this
4 statute. Firstly, in order for this loan to be covered under section 1632(b)(4), it must be used
5 "primarily for personal, family, or household purposes." Plaintiff fails to allege that the loan had
6 any such purpose. Additionally, the loan must be negotiated by a broker and negotiated in a
7 language other than English. Plaintiff has not alleged that the loan was negotiated by a broker, and,
8 even if she had, she has also failed to allege that it was negotiated in a language other than English.[1]
9 Given these deficiencies, plaintiff has not shown a probability of succeeding on the merits of this
10 claim.

### III. RESPA

Plaintiff alleges a violation of section 605 of RESPA, 12 U.S.C. § 2605. Specifically, plaintiff alleges that she sent a QWR to GMAC as part of a letter that was sent on April 22, 2009, and that GMAC failed to respond in a manner that satisfied its legal duties under section 2605(e)(2). Because of this alleged deficient response, plaintiff alleges that GMAC should be enjoined from reporting derogatory credit information about plaintiff to credit reporting agencies.

As mentioned above, since the filing of this motion for a preliminary injunction, GMAC has been dismissed from this action. Accordingly, the RESPA claims asserted against GMAC are dismissed as moot.

### CONCLUSION

Because plaintiff has not demonstrated a likelihood of success on the merits of any of her claims that would entitle her to the requested injunctive relief, her motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: 3/10/2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Plaintiff has alleged that she can only speak Korean. However, she does not provide any facts as to the negotiation of the loan including whether she negotiated the loan herself.